UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
OMAR MITCHELL,

              Plaintiff,

-against-

THE CITY OF NEW YORK, JASON
BRONSTEIN, and JOHN DOES 1-4,

              Defendants.
-------------------------------X

12 CIV 1460

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

       Plaintiff Omar Mitchell, by his attorneys Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

       1.    At all times hereinafter mentioned, plaintiff Omar Mitchell was an adult male resident of Bronx County, within the State of New York.

       2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.    At all relevant times hereinafter mentioned, defendant Jason Bronstein (Tax 945531), was employed by the City of New York as a member of the NYPD. Defendant Bronstein is sued herein in his official and individual capacities.

       4.    At all relevant times hereinafter mentioned, the John Doe defendants 1-4 were adult males employed by the City of New York as members of the NYPD. It is

believed that the last names of two of the Doe defendants are Carbone and Walsh (and they are referred to as such herein), while the identities of John Does 1 and 2 are presently unknown. The Doe defendants (including defendants Carbone and Walsh) are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On July 16, 2010 at about 1:00 a.m., plaintiff was lawfully present on White Plains Road between Arnow Avenue and Adee Avenue, in the Bronx, New York.

8. At this time, the five defendant officers arrived in an NYPD vehicle.

9. Plaintiff was not engaged in any unlawful or suspicious conduct.

10. Although there was no legal basis to detain or seize the plaintiff, one of the Doe defendants, whose name may be Carbone, approached plaintiff and pushed him against a fence.

11. Plaintiff was immediately placed in handcuffs, without any explanation.

12. One of the defendants then struck plaintiff on the side of his face, tripped plaintiff while cuffed, and shoved plaintiff into a van.

13. As a result, plaintiff suffered physical injuries, including extensive

bruising and swelling, extensive abrasions and scratches to his face, and bruised and swollen ribs.

14. At no point did plaintiff resist arrest and, despite the absence of any evidence of wrongdoing, he was taken to a local area precinct believed to be the 49th Precinct, where he was held for a number of hours.

15. Plaintiff was then transferred to Central Booking where he was held for a number of hours before he was summarily released without explanation and without being charged.

16. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

17. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

18. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by the other defendants.

19. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

20. That at all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in

furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

21. Plaintiff repeats the allegations contained in paragraphs "1" through "20" above as though stated fully herein.

22. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

23. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

24. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

28. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

29. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

30. All of the acts and omissions by the individual defendants described

above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

31. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

32. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

      f.    *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

      g.    *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.)

      h.    *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

      i.    *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML)(E.D.N.Y.);

      j.    *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

      k.    *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

      l.    *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

      m.    *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

      n.    *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

      o.    *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

      p.    *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

      q.    *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

      r.    *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

      s.    *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

33. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state

courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

34. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

35. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights, and plaintiff emotional injuries, mental anguish and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one and two, actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
February 22, 2012

By:    Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743

_____
Michael Lumer, Esq. (ML-1947)

_____
Jessica Massimi, Esq. (JM-2920)